MEMORANDUM **
Carlos Carteno-Vasquez appeals from the 37-month sentence imposed following his guilty-plea conviction for conspiracy to transport and harbor illegal aliens, and aiding and abetting, in violation of 8 U.S.C. § 1324(a)(l)(A)(v)(I) and 18 U.S.C. § 2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
Carteno-Vasquez contends that the district court erred by applying an upward adjustment for his role as a leader or organizer of a criminal activity, pursuant to U.S.S.G. § 3Bl.l(a). In particular, he contends that, while he may have exercised authority over others involved in the offense, there was no evidence that he exercised control over one of his co-defendants, who Carteno-Vasquez claims was equally, if not more, culpable. This contention is belied by the record. Moreover, U.S.S.G. § 3B1.1 (a) does not require that a defendant exercise authority over all other participants in the offense. See United States v. Barnes, 993 F.2d 680, 685 (9th Cir.1993). We conclude that the district court properly considered factors set forth by U.S.S.G. § 3B1.1 cmt. n. 4, and that its determination that Carteno-Vasquez was a leader or organizer in the offense was not clear error. See United States v. Berry, 258 F.3d 971, 977-78 (9th Cir.2001).
Carteno-Vasquez also contends that the district court improperly relied on his prior arrest record and the exploitive nature of his conduct in determining the sentence. We conclude that the district court’s consideration of these factors was proper under 18 U.S.C. § 3553(a), and that the resultant, within-Guidelines range sentence is reasonable. See United States v. *581 Carty, 520 F.3d 984, 991-93 (9th Cir.2008) (en banc).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.